UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED SHALLOWHORN, CDCR #P-13049, <br><br> Plaintiff, <br><br> vs. <br><br> BRICENO, Dr.; JANE DOE, Dr.; JANE DOE BOSS, Dr.; HOPPER, Cpt.; F. GUZMAN, Warden; KHAN, Dr.; CCI VELEZ, Counselor, <br><br> Defendants. | Case No. 25-cv-1366-BAS-BLM <br><br> **ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES** <br><br> **(ECF No. 2)** |

Plaintiff Alfred Shallowhorn, a prisoner incarcerated at California State Prison in Lancaster, California ("LAC"), and proceeding without counsel, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, together with a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF Nos. 1, 2.) Plaintiff claims prison mental health and custodial officials at Centinela State Prison ("CEN") conspired to misdiagnose, reclassify, and ultimately transfer him to another prison on March 13, 2024, primarily in order to harass and retaliate against him for having filed multiple grievances against them. (*See* ECF No. 1 at 2–3; ECF No. 1-2.) Plaintiff seeks more than $1 million

- 1 -

in general and punitive damages, and injunctive relief preventing further acts of reprisal and "place[ment] back at Centinela Prison III Yard." (ECF No. 1 at 8.)

For the reasons explained, the Court **DENIES** Plaintiff's motion to proceed IFP as barred by 28 U.S.C. § 1915(g) and **DISMISSES** the case without prejudice based on his failure to pay the filing fees required by 28 U.S.C. § 1914(a).

## I.    IFP MOTION

### A.    Legal Standard

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350 fee, and those not granted leave to proceed IFP must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> . . . if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that (they were) frivolous, malicious, or fail[ed] to state a claim,'" *Andrews*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as [a] denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (citation omitted).

### B.   Plaintiff's Prior "Strikes"

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. Upon review of its own dockets and those of the Eastern District of California, the Court finds that Plaintiff, while incarcerated, had four civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted *before* he filed this case.[1] *See* Fed. R. Evid. 201(b)(2); *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1007 (9th Cir. 2023) (noting that courts may "'take notice of proceedings in

---

[1] Plaintiff admits filing only one prior civil action in this Court. (*See* ECF No. 1 at 7 (citing *Shallowhorn v. Carrillo, et al.*, S.D. Cal. Case No. 3:24-cv-00399-WQH-LR)). Plaintiff was granted leave to proceed IFP in that case; however, he filed that case on February 26, 2024, *before* accumulating the first three qualifying strike dismissals identified here. *See* 28 U.S.C. § 1915(g) (limiting privilege to proceed IFP in cases where prisoner accumulated strikes "on 3 or more *prior* occasions.") (emphasis added); *Coleman v. Tollefson*, 575 U.S. 532, 541 (2015) ("[W]e hold that a prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an *additional* suit in forma pauperis ….") (emphasis added); *see also Spencer v. Barajas*, 140 F.4th 1061, 1065 (9th Cir. 2025) ("The Supreme Court has emphasized that the three-strikes provision must be interpreted 'literally.'") (quoting *Coleman*, 575 U.S. at 537).

other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" (citation omitted).

They are:

(1) *Shallowhorn v. Molina*, No. 1:07-CV-01667-AWI, 2011 WL 846094, at *7 (E.D. Cal. Mar. 8, 2011) (Report & Recommendation ["R&R"] to dismiss civil action with prejudice "for failure to state a claim upon which relief may be granted under § 1983" and to classify dismissal "as a strike pursuant to 28 U.S.C. § 1915(g)") (ECF No. 16); *id.* (E.D. Cal. May 13, 2011) (Order adopting R&R) (ECF No. 18), *aff'd*, 572 F. App'x 545, 548 (9th Cir. 2014);

(2) *Shallowhorn v. Gonzalez*, No. 1:11-CV-00305-GBC PC, 2012 WL 1551342, at *10 (E.D. Cal. Apr. 30, 2012) (Order dismissing action with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915A and 1915(e)) (ECF No. 10), *aff'd*, 514 F. App'x 660 (9th Cir. 2013);

(3) *Shallowhorn v. Lopez*, No. 23-CV-1273-AGS-KSC, 2024 WL 1469526, at *3 (S.D. Cal. Apr. 4, 2024) (Order dismissing Second Amended Complaint without leave to amend for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)) (ECF No. 16); and

(4) *Shallowhorn v. Carrillo*, No. 23-CV-2098-LL-DEB, 2025 WL 1545684, at *5 (S.D. Cal. Apr. 9, 2025) (Order dismissing civil action *sua sponte* without further leave to amend for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)) (ECF No. 20).[2]

Accordingly, because Plaintiff accumulated four qualifying strikes pursuant to § 1915(g) before he filed this case, he cannot proceed IFP unless he meets the imminent danger exception to the three strikes provision of the PLRA.

---

[2] Appeals of both Judge Schopler and Judge Lopez's Orders are currently pending before the Ninth Circuit. *See Shallowhorn v. Lopez*, 24-2484 (9th Cir. April 19, 2024); *Shallowhorn v. Carrillo*, 25-3413 (9th Cir. May 29, 2025). However, courts making strike determinations under § 1915(g) "must count [qualifying prior] dismissal[s] even though [they] remain[] pending on appeal." *Coleman*, 575 U.S. at 534.

- 4 -

### C. Imminent Danger of Serious Physical Injury

In order to qualify for § 1915(g)'s exception, Plaintiff's pleading must contain a "plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055; *see also* 28 U.S.C. § 1915(g). "Imminent danger" requires an allegation that a harm is "ready to take place," or "hanging threateningly over one's head," *Cervantes*, 493 F.3d at 1056, and "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21-cv-347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (citing *Cervantes*, 493 F.3d at 1053). Instead, "the exception functions as a limited safety valve for a prisoner who has exhausted his three strikes but nevertheless faces imminent danger stemming from the violations of law alleged in his complaint." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).

Plaintiff is currently incarcerated at LAC, but his Complaint centers on a March 13, 2024, determination by several members of his Interdisciplinary Treatment Team ("IDTT") to refer him for mental health care programming at the "CCCMS" level of care. (*See* ECF No. 1 at 2, 4; ECF No. 1-2 at 4–8.). Plaintiff's attached exhibits show that as a result, a CEN Unit Classification Committee ("UCC") elected to endorse him for "transfer to an appropriate facility to accommodate his medical needs." (*See* ECF No. 1-8 at 2.) Plaintiff alleges he was "involuntary [sic] diagnosed" and then transferred from CEN, which he "consider[ed] home," as part of a conspiracy to retaliate against him for filing multiple grievances, health care appeals, and civil complaints. (*See* ECF No. 1-2 at 7–9, 17–21, 24–26.)

Thus, while he alleges he is the victim of a past "betrayal" as a result of Defendants' actions, and to have suffered from stress, anxiety, and "depriv[ed] . . . of sleep and peace of mind" as a result of his transfer from CEN, (*see* ECF No. 1-2 at 15, 21, 24, 28), Plaintiff does not claim to have faced "imminent danger of serious physical injury" at the time he filed his Complaint from LAC, more than a year after the violations of law contained in his Complaint are alleged to have occurred, *see* 28 U.S.C. § 1915(g); *Ray*, 31 F.4th at 701.

1  Moreover, claims of "emotional distress and mental anguish . . . are insufficient to
2  qualify as posing an imminent danger of serious physical harm." *Winston v. Warden of*
3  *USP-Atwater*, No. 1:24-CV-00824-JLT-HBK (PC), 2024 WL 4347514, at *3 (E.D. Cal.
4  Sept. 30, 2024), *report and recommendation adopted sub nom. Winston v. Warden of*
5  *U.S.P. Atwater*, No. 1:24-CV-0824 JLT HBK (PC), 2024 WL 4647618 (E.D. Cal. Oct. 31,
6  2024). Nor may § 1915(g)'s limited safety valve exception be invoked in cases of alleged
7  retaliation for a prisoner's persistent grievance-filing. *Ray*, 31 F.4th at 701; *see, e.g.*, *Finley*
8  *v. Silva*, No. CIV. 11-1293 H(WMC), 2011 WL 4529669, at *2 (S.D. Cal. Sept. 28, 2011)
9  (finding "various acts of retaliation and conspiracy on the part of [prison] officials"
10 insufficient to meet § 1915(g)'s imminent danger exception); *Gonzales v. Castro*, No. 1:09-
11 cv-01545-AWI-MJS-PC, 2010 WL 2471030, at *2 (E.D. Cal. June 9, 2010), *report and*
12 *recommendation adopted,* No. 1:09-cv-1545AWI MJSP, 2010 WL 3341862 (E.D. Cal.
13 Aug. 25, 2010) (finding prisoner's allegations of retaliation and "interference with
14 litigation" insufficient to "constitute a real danger . . . or even an ongoing threat" of
15 "serious physical injury" under § 1915(g)).

16  "The right to proceed in forma pauperis is not an unqualified one. . . . It is a privilege,
17 rather than a right." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (citations
18 omitted). Section 1915(g) "does not prevent all prisoners from accessing the courts; it only
19 precludes prisoners with a history of abusing the legal system from continuing to abuse it
20 while enjoying IFP status." *Rodriguez*, 169 F.3d at 1180. Therefore, because Plaintiff's
21 litigation history shows he is one of those prisoners, and he does not plausibly allege to
22 have been in "imminent danger of serious physical injury" at the time he filed his
23 Complaint, Plaintiff may not proceed IFP in this action. *See Cervantes,* 493 F.3d at 1055.

## II.  CONCLUSION

25  For all the reasons discussed, the Court:
26  (1)  **DENIES** Plaintiff's Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g)
27 (ECF No. 2);
28  (2)  **DISMISSES** this civil action without prejudice based on Plaintiff's failure to

pay the full $405 civil filing fee required by 28 U.S.C. § 1914(a);

    (3)    **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

    (5)    **DIRECTS** the Clerk of Court to enter a judgment of dismissal and to close the file.

**IT IS SO ORDERED.**

**DATED: August 25, 2025**

    **Hon. Cynthia Bashant, Chief Judge**
    **United States District Court**